

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LOUIS HOBAICA; et al., | No. 13-55082 |
| Plaintiffs - Appellants, | D.C. No. 2:11-cv-00702-CAS-JCG |
| v. | |
| FIRST AMERICAN TITLE INSURANCE COMPANY and SEY PET, LLC, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted February 9, 2015[**]
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and SHEA, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward F. Shea, Senior District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

Plaintiffs appeal the district court's order dismissing their complaint against Sey Pet, LLC, and First American Title Insurance Company. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Reviewing de novo, we conclude that the district court did not err in dismissing Plaintiffs' claim against First American for breach of a title insurance policy ("Policy") issued to Sey Pet. *See Balsam v. Tucows Inc.*, 627 F.3d 1158, 1161, 1163 & n.3 (9th Cir. 2010). Plaintiffs' third-party beneficiary claim fails because the Policy explicitly states that it is not intended to benefit parties, like Plaintiffs, who acquire an interest in the insured property through purchase. *See id.* at 1161 (explaining that a third party qualifies as a beneficiary only if the terms of the contract make evident an intent to benefit that party). Extrinsic evidence of the parties' intent *after* the Policy was issued does not alter this conclusion because we assess the parties' intent "in light of the circumstances under which [the Policy] was entered." *Id.* (internal quotation marks omitted).

The district court did not err in dismissing Plaintiffs' claims that were premised on First American's lack of licensure in Mexico because expert testimony established that First American was not required to obtain a license in Mexico in the first place. *See Universe Sales Co. v. Silver Castle, Ltd.*, 182 F.3d 1036, 1038 (9th Cir. 1999) (explaining that expert testimony is "the basic mode of

2

proving foreign law"). Plaintiffs' related claim, that First American purported to have a Mexican license when, in fact, it did not, was also properly dismissed. Plaintiffs based their claim on evidence suggesting only that First American was not *in fact* licensed in Mexico. The evidence in no way suggests that First American *claimed* that it was licensed in Mexico. Thus, Plaintiffs' misrepresentation claims are not plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Finally, Plaintiffs do not challenge the prior district court order dismissing their claims against Sey Pet because they are bound by a forum selection clause requiring litigation of claims against Sey Pet in Mexico. Nor do Plaintiffs challenge the prior ruling that, because Plaintiffs asserted an alter ego theory, the forum selection clause is applicable to all Sey Pet entities. Accordingly, Plaintiffs' alter-ego claims against Sey Pet in this proceeding are foreclosed by the unchallenged prior order.

**AFFIRMED.**